Jacob Yablonsky

vs.　　　　　　Eq. No. 7527

Louis Meisel et al.

February 18, 1926

BAKER, J. Final hearing.

This is a bill brought to remove a cloud on a title and for other relief incident thereto.

The facts show that the complainant and respondents entered into an agreement whereby Mr. Meisel was to advance to the former the sum of $50,000 to be used in the construction of a certain building and as security for this advance the complainant was to execute a note and mortgage covering said $50,000. The note and mortgage were executed and the mortgage was recorded. The mortgage was an ordinary mortgage for future advances and the agreement executed by the parties shows that the money was to be advanced only on certain conditions. The testimony shows that these conditions were never fulfilled.

The respondents do not seriously contest the prayer of the bill that the complainant is entitled to have the mortgage discharged and the note cancelled in order to remove the cloud on his title, but they do urge that before this is done they are entitled to be recompensed or reimbursed for certain outlays.

The respondents argue that they are entitled to interest on the sum of $43,000, which was the actual sum to be turned over to the complainant, because of the fact that the respondent Grant testified that for a period of about six months he had this money available so that it could be used to make advances to the complainant as called for.

After considering the matter carefully the Court is of the opinion that the respondents are not entitled to be allowed interest on this sum. In any mortgage covering future advances the parties anticipate that the mortgagee will be called upon from time to time to make such advances. It is not clear from the evidence whether the respondent Grant had on hand this entire sum, or only a portion of it, or whether such sum was on call or in a participation account. Further, it is entirely a matter of speculation as to what other use he would have been able to make of this money, assuming he had it available for the purpose of the mortgage in question. In the judgment of the Court, the matter is too vague and uncertain in this connection for the Court to find that the complainant should be compelled to pay to the respondents interest on this entire sum before he is entitled to have the mortgage discharged.

The respondents also claim that if they are not entitled to interest, at least they should be allowed something for the time and effort expended in connection with this matter. This is obviously a claim for services somewhat in the nature of a claim under the common counts in an action at law. There is no clear evidence in the case as to the time spent by the respondent Grant in this matter, or the value of the work he did. It does not seem to the Court that in this bill in equity it can or should in any way, from the testimony presented, imply or allow any such claim as the respondents are contending for.

It does appear from the testimony that the respondent Grant, who is the real party in interest in this proceeding, did advance to the complainant the sum of $400. The latter contends that this was an entirely separate transaction and was advanced on the security of certain notes of a

third person which later went to pro-
test. The respondent Grant, however,
testifies that this money was advanced
on the security of the mortgage, and
was used by the complainant in pay-
ing labor in connection with the
erection of the building in question.
He denies that the money was paid
on security of the notes. It would
appear to the Court that his testi-
mony is the more reasonable. It
seems hardly likely that an experi-
enced business man, having a mort-
gage for future advances, would loan
to the complainant a sum of money
on the strength of the unsecured
notes of persons entirely unknown to
him. In the opinion of the Court the
weight of the testimony shows that
the sum of $400 was a legitimate
advance on the mortgage in question.
This being so, before said mortgage is
discharged, the complainant should
refund to the respondent Grant the
said sum of $400, together with in-
terest at the rate of 8%, as set out
in the mortgage, from the date of the
mortgage. The Court also finds that
the respondent Grant is entitled, ac-
cording to the terms of the mortgage,
to a bonus of 10% on said $400 ad-
vanced, namely, $40.

The court is further of the opinion
that on the law and the evidence the
respondent Grant is not entitled to
any further bonus or service charge.

It also appears in evidence that
in arranging for the mortgage it was
necessary to have the title examined
and that the charges for so doing
amounted to $259.20. This sum has
never been paid and, while it is
charged primarily to the complain-
ant, nevertheless the respondent
Grant as mortgagee is secondarily
liable to the company performing the
services.

In the opinion of the Court, there-
fore, before said mortgage is dis-
charged the complainant should pay
said bill incurred in connection with
obtaining said mortgage.

The prayer of the bill is granted,
therefore, on condition that the com-
plainant make the payments above in-
dicated.

For Complainant: Joseph C.
Cauley and John J. Cosgrove.

For Respondents: Philip C. Joslin.